* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rideout with minor modifications.
 * * * * * * * * * * * *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about July 13, 2003 Plaintiff (hereinafter "King") was incarcerated in the Marion Correctional Institute of the Defendant (hereinafter "NCDOC").
2. The NCDOC filed a Motion To Dismiss King's civil action pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure on March 29, 2004.
3. Upon admittance to the Marion facility, King was in possession of such a number of books and pamphlets that exceeded NCDOC policy. King was given the choice of donating some books and mailing the balance home. The excessive materials were to be mailed, at King's request, to his home.
4. King gave the proper address for mailing to NCDOC officers, and the materials were mailed to King's home.
5. King arranged with a pastor servicing the Marion facility to donate the books to the prison library on the basis that the religious materials would be available to the general prison population. King arranged for various written materials to be returned to Marion Correctional for the express purpose of being donated to the prison library.
6. The books could not, in fact, be donated to the prison library and were to be re-mailed to King's home.
7. King alleges the books were mailed but never received at King's home.
8. King failed to prove by the greater weigh of the evidence that a named state agent breached a duty of care or was negligent in the return of his books.
 * * * * * * * * * * * *Page 3 
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove by the greater weight of the evidence that a state actor's negligence resulted in the loss of his books.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. King's claims under the State Tort Claims Act are hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 28th day of July 2008.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1